IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHARY THOMPSON,

    Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:16-cv-384

JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, Zachary Thompson, a state prisoner, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is before the Court by way of the petition (Doc. 1), Respondent's motion to dismiss (Doc. 8) and Petitioner's response (Doc. 9). For the following reasons, the Court recommends that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED**.

### I. Procedural History

The key events in the procedural history of this case are these. Petitioner was indicted in Delaware County, Ohio, on August 8, 2008. The five-count indictment alleged that Petitioner committed aggravated vehicular homicide and operated a motor vehicle while under the influence of alcohol or drugs. Doc. 8, Ex. 1. The charges arose out of a motor vehicle accident which occurred on March 20, 2008, and in which two people were killed.

More than a year later, Petitioner entered into a written plea agreement under which he would plead guilty to two counts of vehicular homicide, both felonies of the second degree, and the State would dismiss the remaining counts. In an entry filed on February 2, 2010, he was sentenced to two consecutive five-year prison terms (the first two years of which were mandatory) to be followed by a term of post-release control and ordered to pay restitution to the families of the victims. Doc. 8, Exs. 3 and 8.

The State appealed, and Petitioner cross-appealed. In an opinion filed on November 5, 2010, the Fifth District Court of Appeals affirmed the sentence, finding no merit to the State's argument that the entire five-year term imposed on each count had to be mandatory, and also overruling Petitioner's lone assignment of error, which took issue with the imposition of consecutive sentences. *State v. Thompson*, 2010 WL 4513296 (Delaware Co. App. Nov. 5, 2010).

A number of motions were filed after that date, and the Court will not detail all of them here. It does note that on May 28, 2013, Petitioner moved for leave to withdraw his guilty plea. He advanced, as grounds, ineffective assistance of counsel and newly-discovered evidence. That was not his first motion for leave to withdraw his plea, and the trial court, noting that this was the fourth such motion, that the prior ones had been denied and not appealed, and that the claims in the motion could have been raised on direct appeal, denied the motion on *res judicata* grounds. Doc. 8, Ex 29. Petitioner did appeal that ruling, but the court of appeals agreed that *res judicata* prevented any relief from being granted, and held, alternatively, that Petitioner's arguments lacked merit.

*State v. Thompson*, 2015 WL 164175 (Delaware Co. App. Jan. 13, 2015). Petitioner's appeal to the Ohio Supreme Court was not accepted for review. *State v. Thompson*, 143 Ohio St.3d 1447 (Aug. 26, 2015).

While that appeal was pending, Petitioner asked the state court of appeals to reopen his appeal under Ohio App. Rule 26(B). He argued that the attorney who filed the appeal from the denial of his motion for leave to withdraw his guilty plea had been constitutionally ineffective, as were attorneys who had been involved with his prior motions. The court of appeals denied this motion on its merits, finding that there was no evidence to support Petitioner's claim. Doc. 8, Ex. 37. The Supreme Court of Ohio also declined to hear that appeal.

Petitioner did not abandon his effort to withdraw his guilty plea, however. He filed a fifth motion to do so on March 9, 2015. It was denied three days later. Doc. 8, Ex. 43. Petitioner followed that up with a post-conviction petition filed pursuant to O.R.C. §2953.21 on July 25, 2015. That, too, was denied, and the state court of appeals affirmed that ruling on December 7, 2015, holding both that all of the grounds he raised were barred by *res judicata* and that his petition should have been dismissed as untimely. *State v. Thompson*, 2015 WL 8467330 (Delaware Co. App. Dec. 7, 2015). Once again, the Ohio Supreme Court declined review. *State v. Thompson*, 145 Ohio St.3d 1423 (Mar. 23, 2016).

On April 25, 2016, Petitioner signed his federal habeas corpus petition, and it was filed on April 29, 2016. He raises claims that his guilty plea was not knowing and

-3-

voluntary due to inaccurate advice from his attorney about the length of the sentence which would be imposed (ground one); that trial counsel was ineffective for having given him that advice (ground two); that his guilty plea was invalid because the trial court did not inquire whether Petitioner had been promised a lower sentence as an inducement to get him to plead guilty (ground three); and that appellate counsel who filed the 2014 appeal of the denial of his motion for leave to withdraw his guilty plea was constitutionally ineffective (ground four). Respondent contends that grounds one through three are time-barred, procedurally defaulted, and not supported by the record, and that ground four is not cognizable in federal habeas corpus.

## II.  Statute of Limitations - Grounds One through Three

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Despite the numerous filings which Petitioner made in the state courts, Respondent's limitations argument is fairly simple. The date described in §(d)(1)(A) - the expiration of the direct appeal process - came 45 days after the state court of appeals decided the direct appeal, because that is how long Petitioner had to seek review from the Ohio Supreme Court, and he did not. Since the court of appeals ruled on November 5, 2010, the direct appeal ended on December 20, 2010.

The limitations clock may not have started running then, however. While the direct appeal was pending, Petitioner filed various motions to withdraw his guilty plea. One or another of them was pending until March 28, 2011. On that date, the trial court denied the only motion then pending. Petitioner had 30 days to appeal that ruling, but, again, he did not. That 30-day period ended on April 27, 2011. Assuming, without deciding, that the motion denied on March 28, 2011 was, in the words of §(d)(2), "a properly filed application for State postconviction or other collateral review," it was not pending and not appealable after April 27, 2011. Under this analysis, which favors Petitioner, the limitations period - at least for claims questioning the validity of Petitioner's guilty plea, which are the first three grounds for relief raised in his federal

habeas corpus petition - began to run on that date. It is one year in length, so it expired on April 27, 2012. Petitioner did not file any motions with the state court during that one-year period. Consequently, any federal habeas petition attacking the validity of his guilty plea filed after April 27, 2012 is untimely. The current petition was almost four years late.

Petitioner's counter-argument appears to be this. He does not dispute any of the dates relied on by Respondent, but claims that the limitations period was tolled from May 28, 2013 forward because he filed a motion for leave to withdraw his guilty plea and filed a post-conviction petition. The problem with that argument is that the statute of limitations expired on April 27, 2012. An already-expired statute of limitations cannot be tolled by a later filing. "'The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003), quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). This Court is bound by that ruling.

Petitioner argues, in the alternative, that he diligently pursued his rights prior to the expiration of the statute of limitations, and is entitled to equitable tolling. Respondent acknowledges that this statute of limitations is subject to equitable tolling, a doctrine that recognizes that some circumstances make it unfair to hold a petitioner to

the one-year filing deadline. As the Court of Appeals explained in *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016),

> "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal quotation marks and citation omitted). In order for the limitations period to be tolled equitably based on attorney error, which is the claim here, the error must be "far more serious" than "a garden variety claim of excusable neglect." *Id.* at 651–52, 130 S.Ct. 2549 (internal quotation marks and citation omitted).

According to petitioner, after his original efforts to withdraw his guilty plea failed, his family hired an expert to investigate whether mechanical failure (the unexpected acceleration of a Toyota Camry) contributed to the accident, and that expert's work did not conclude until after the expiration of the statute of limitations. True or not, that theory of relief has nothing to do with Petitioner's claim that his attorney misled him by telling him that he would get only five years, rather than ten years, if he pleaded guilty. Nothing prevented Petitioner from filing a federal habeas corpus petition by April 27, 2012 which raised that claim. If he intended to pursue some other avenue of relief in state court while simultaneously seeking federal habeas corpus relief, he could have moved the federal court to hold that case in abeyance. *See Rhines v. Weber*, 544 U.S. 269 (2005). The record simply does not support the claim that some extraordinary circumstance prevented Petitioner from seeking habeas corpus relief in a timely

manner. Therefore, the Court concludes that Petitioner is not entitled to equitable tolling.

Lastly, the bar of the one-year limitations period can be overcome if a petitioner makes a sufficient showing of actual innocence. *See, e.g., McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Petitioner pleaded guilty. His four grounds for relief do not raise questions about his guilt, but about the length of his sentence and the effectiveness of his attorneys. Consequently, there is no valid basis for not applying the statute of limitations to bar relief on Petitioner's first three grounds.

### III. Ground Four

Respondent also makes a simple argument concerning ground four. To support this claim, Petitioner states, in the petition, that he was denied the effective assistance of counsel because "Attorney William Cramer raised one assignment of error in the Fifth District Court of Appeals for Delaware County, Case No. 14 CAA 04 0021 when there were more stronger and adequate issues counsel should have raised." According to the record, Case No. 14 CAA 04 0021 was the appeal taken from the trial court's denial of Petitioner's May 28, 2013 motion for leave to withdraw his guilty plea. *See State v. Thompson*, 2015 WL 164175 (Delaware Co. App. Jan. 13, 2015). Because, Respondent argues, Petitioner did not have a constitutional right to be represented by counsel during that proceeding, including on appeal, the Sixth Amendment does not apply, and this claim does not implicate any federal constitutional rights. Petitioner's reply does not directly address this argument, contending only that "[t]he Due Process Clause of

the Fourteenth Amendment guarantees the effective assistance of counsel on a criminal appeal as of right." Doc. 9, at 23, citing *Evitts v. Lucey*, 469 U.S. 387 (1985).

Petitioner's argument is correct as far as it goes, but it does not go far enough to help him here. A state defendant is not entitled to have counsel appointed for every type of post-conviction matter that the defendant wishes to file. As the Supreme Court has said, "the right to the effective assistance of counsel applies to certain steps before trial. The 'Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings.;" ... Critical stages include arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea." *Missiouri v. Frye*, 566 U.S. 133, 140 (2012)(internal citations omitted). The right has, as Petitioner correctly notes, been extended to the first appeal as of right. *Evitts v. Lucey, supra*. But it has never been extended to either a post-conviction motion for leave to withdraw a guilty plea or an appeal from the denial of such a motion. That notion was flatly rejected in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), which held:

> There is no constitutional right to an attorney in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).

This Court has consistently applied that rule. *See, e.g., Andrews v. Warden*, 2014 WL 10435020, *11 (S.D. Ohio Oct. 27, 2014), *adopted and affirmed* 2015 WL 5582241 )S.D. Ohio

Sep. 23, 2015)("the Supreme Court has also made it clear that these constitutional protections do not extend beyond the appellant's appeal as of right or first-tier appellate review to subsequent state discretionary appeals or collateral review proceedings"). Because Petitioner had no constitutional right to counsel on his appeal from the denial of his post-conviction motion for leave to withdraw his guilty plea, the performance of that counsel could not have deprived Petitioner of a federal constitutional right. Since federal habeas corpus relief can be granted only to petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. §2254(a), Petitioner is not entitled to relief on his fourth ground.

## IV. Recommendation and Order

For the reasons stated above, the Court recommends that the petition for a writ of habeas corpus (Doc. 1) be **DENIED** and that this action be **DISMISSED**.

## V. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge