IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHARY THOMPSON,

    Petitioner,

  v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-384
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 6, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be denied and that this action be dismissed. (ECF No. 10.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 11.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 11) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 8) is **GRANTED.** This action is hereby **DISMISSED.**

Petitioner challenges his February 2010 convictions pursuant to his guilty plea in the Delaware County Court of Common Pleas on two counts of vehicular homicide. He asserts that his guilty plea was not knowing or voluntary due to inaccurate advice from his attorney regarding the length of the sentence that would be imposed (claim one); that he was denied the effective assistance of counsel on this same basis (claim two); that his guilty plea was invalid because the trial court failed to inquire as to whether Petitioner had been promised a lower sentence in order to induce his guilty plea (claim three); and that the appellate attorney who filed

the 2014 appeal of the denial of his motion for leave to withdraw his guilty plea performed in a constitutionally ineffective manner (claim four). The Magistrate Judge recommended dismissal of claims one through three as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and claim four as failing to provide a basis for federal habeas corpus relief.

Petitioner objects to the Magistrate Judge's recommendations. Petitioner asserts that he is actually innocent based on newly discovered evidence, *i.e.*, a report by Frank Daniel, indicating that unintended acceleration and damage to Petitioner's vehicle caused the accident. Petitioner additionally argues that his claim of the denial of the effective assistance of appellate counsel in post conviction proceedings warrants relief in view of *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, -- U.S. --, 133 S.Ct. 1911 (2013). Petitioner's arguments are not persuasive.

In *Martinz v. Ryan*, -- U.S. --, --, 132 S.Ct. 1309, 1315, the Supreme Court held that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a procedural default of a claim of ineffective assistance at trial." The holding in *Martinez* applies where "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial." *Id.* at 1317. The Supreme Court narrowly limited its holding in *Martinez*.

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. *See* 501 U.S., at 754, 111 S.Ct. 2546; *Carrier,* 477 U.S., at 488, 106 S.Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez,* at 1320. Thus, under *Martinez,* a federal habeas court may find cause to excuse a petitioner's procedural default

> where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim]...be raised in an initial-review collateral proceeding." *Martinez, supra*, at ——, 132 S.Ct., at 1318–1319, 1320–1321.

*Trevino v. Thaler*, -- U.S. --, --, 133 S.Ct. at 1918. "*Trevino* expanded the application of *Martinez*. . . only to cases in which a claim of ineffective assistance of trial counsel could not have been made meaningfully on direct appeal." *Moore v. Mitchell*, 848 F.3d 774, 775 (6th Cir. 2017).

Petitioner's claim that he was denied the effective assistance of appellate counsel in the filing of his 2014 appeal from the denial of his motion for leave to withdraw guilty plea fails to provide him a basis for relief, because the right to counsel does not extend beyond the first appeal as of right. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). The Supreme Court's decisions in *Martinez* and *Trevino* do not assist him.

The one-year statute of limitations may be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See*

*Bousely v. United States,* 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Laffer*, No. 10-1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012). The Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Id*. at 589-90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1932-33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332, 327).

Here, while under oath, Petitioner indicated that he was pleading guilty to the charges against him of his own free will. *Transcript* (ECF No. 8-3, PageID# 907-08.) He understood

that he faced up to sixteen years in prison. (PageID# 909.) He understood that the trial court had the authority to determine the appropriate sentence. (PageID# 911.) He understood that the court could impose consecutive terms of incarceration. (PageID# 912.) He was satisfied with the representation of counsel. (PageID# 914-15.) He understood all of the rights that he was waiving by entry of his guilty plea as well as the potential punishment he faced. (PageID# 915-16.) Petitioner stated:

> I know that I was drinking and driving, and that two people are dead because of that because I caused the accident. I don't remember the exact accident. I remember waking up in the hospital and it was my fault. I was the one driving the car. I was the one drinking and driving the car.

(PageID# 917.)

> You were coming down Sancus, hit a car at the stop, and you then proceeded without stopping and then hit another car head-on?
>
> DEFENDANT: Yes, sir.
>
> COURT: Do you recall that?
>
> DEFENDANT: No, I don't recall.

(PageID# 917.) The officer who cut Petitioner out of the car would have testified that he could smell an odor of an alcoholic beverage coming from Petitioner as he was cutting him out of the car. (PageID# 919.) Petitioner was interviewed by Officer Banks at the hospital, who also smelled the odor of an alcoholic beverage. Petitioner told paramedics that he had had four or five beers. (PageID# 920.) His blood alcohol tested at .169. (*Id*.) Petitioner did not dispute any of the foregoing facts or the prosecution's factual summary. (PageID# 922.) He admitted his guilt of the offenses charged. (PageID# 923.)

Further, the state appellate court made the following factual findings in its dismissal of Petitioner's appeal of his motion for leave to withdraw guilty plea:

5

> Appellant first raised his arguments related to unintended acceleration based upon newly discovered evidence at a hearing in February, 2011. At that time, the trial court found that news and information concerning the issues of unintended acceleration had been available as early as January, 1996. The trial court further found that Appellant failed to present any evidence that his vehicle was subject to any such defect. Lastly, the trial court found that it was Appellant's actions of being intoxicated and driving left of center that caused the death of the victims in this case.
>
> \*\*\*
>
> [B]ased on the facts of this case, specifically that the accident which resulted in two deaths was caused by Appellant being intoxicated and driving left of center and causing a head-on collision, we find that Appellant's counsel's decisions to focus on arguments other than "unintended acceleration" do not rise to the level of incompetence.

*State v. Thompson*, No. 14 CAA 04 0021, 2014 WL 164175, at \*2-3. These factual findings are presumed to be correct, and Petitioner has failed to rebut the presumption of correctness of the state court's factual findings. 28 U.S.C. § 2254(e). Thus, the record fails to support Petitioner's claim that defects in his car caused the accident at issue.

In short, the record fails to reflect that Petitioner's actual innocence justifies equitable tolling of the statute of limitations.

For the foregoing reasons, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 11) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 8) is **GRANTED.** This action is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

                                                       s/Algenon L. Marbley
                                                       ALGENON L. MARBLEY
                                                       United States District Judge

**DATED: June 26, 2017**